**HI–LINE ELECTRIC COMPANY, Appellant,**

v.

**Jim MOORE, d/b/a Jemco Electric, Appellee.**

No. 84–2630.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 18, 1985.

Decided Nov. 4, 1985.

---

Michael Quinn, Dallas, Tex., for appellant.

James A. McLarty, III, Newport, Ark., for appellee.

Before ROSS, McMILLIAN and JOHN R. GIBSON, Circuit Judges.

McMILLIAN, Circuit Judge.

Hi-Line Electric Co. appeals from a final judgment entered in the District Court[1] for the Eastern District of Arkansas dismissing its complaint against Jim Moore for misappropriation of trade secrets and unfair competition. For reversal appellant argues that the district court erred in finding that appellant's customer information was "readily ascertainable" and thus not trade secrets and that the key to appellee's success as a competitor was customer loyalty. For the reasons discussed below, we affirm the judgment of the district court.

Appellant is an industrial supplier of electrical parts, supplies and accessories. Appellee was employed by appellant as a commission sales representative in 1977. After training appellee was assigned to the Arkansas sales territory. Appellee served customers from a stocked van which he leased from appellant. Appellee developed about 75-80% of his customers himself.

Appellant became concerned about the enforceability of the covenant not to compete in the existing employment agreements with its sales representatives. In early September 1983 appellant began to require its sales representatives to sign a new employment agreement. Appellee refused to sign the new employment agreement and quit in mid-September 1983. Appellant replaced appellee with an experienced sales representative and provided that person with its customer information.

Appellee's replacement did well for several months. Then in December 1983 appellee began to sell a similar product line in Arkansas. Appellee called upon many of the customers he had serviced as a sales representative for appellant. Appellee was very successful. Appellee and several of his customers attributed appellee's success to his personal relationship with his customers and to somewhat lower prices.

In the present case appellant alleged that its customer information constituted trade secrets that appellee had misappropriated and used to unfairly compete. The district court made oral findings of fact and conclusions of law. *Hi-Line Electric Co. v. Moore,* No. LR-C-83-1068 (E.D.Ark. June 27, 1984). The district court found that appellant's customer information was "readily ascertainable" and thus not trade secrets within the definition set forth in Ark.Stat.Ann. § 70-1001(4) (Michie Cum. Supp.1985), and that the reason for appellee's success was not unfair competition but his customers' loyalty to him personally.

We have carefully reviewed the record and find no error of law or fact in the district court's analysis. Accordingly, we affirm the judgment of the district court on the basis of its oral findings of fact and conclusions of law. 8th Cir.R. 14.

---

1. Hon. G. Thomas Eisele, Chief Judge, United States District Court for the Eastern District of Arkansas.